

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 31, 2019

**Via ECF**
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    United States v. James Moore,
               18 Cr. 759 (RMB)

Dear Judge Berman:

      The Government writes respectfully to update the Court on a matter related to one of its rulings on the Governments motions *in limine*.

      At the final pretrial conference on Wednesday, the Court ruled that certain online materials relating to Renwick Haddow's past troubles with regulatory authorities in the United Kingdom were admissible insofar as there was evidence that the defendant had seen them specifically. The Government does intend to admit such evidence. But having conferred, at the Court's direction, with defense counsel, the Government also anticipates introducing, with the defense's consent and via stipulation, certain of these documents even in the absence of a showing that Moore read them specifically. These documents consist of (1) a formal online judgment against Haddow that references his having earlier been disqualified from acting as the director of a registered company and references his involvement in unauthorized collective investment schemes, (2) three press releases from the Financial Conduct Authority ("FCA"), including two related to its treatment of those schemes, and (3) a press release from the United Kingdom's Insolvency Service relating to the aforementioned disqualification. Among other things, the stipulations specifically highlight that these materials do not name or implicate the defendant.

      With the admission of these materials having been agreed upon by the parties, the Government is no longer seeking to admit third-party news articles available on the Internet at the time of Bar Works' recruitment of investors.

      Because the articles are not being offered for their truth, and thus do not violate the rule against hearsay, the Government respectfully asks that the Court read the following limiting instruction at the time these documents are first introduced:

> I expect that the evidence you will see next includes press releases and legal judgments that existed on the Internet during the years that the crimes at issue allegedly took place. You are not to consider these documents as proof of the

matters asserted within them. They are not being offered for that purpose. Rather, these items are being offered for the effect that the presence of these materials may have had on the minds and motives of the members of the alleged conspiracy, and further for your consideration as to whether the misrepresentations that were allegedly part of the fraud were material to potential investors in Bar Works. You may consider the exhibits for these reasons.

The Government respectfully asks that you read this limiting instruction when a stipulation regarding these documents is first admitted into evidence.

Finally, the Government notes that it will seek to admit GX 817, an article issued and read *after* the recruitment of investors, for non-hearsay purposes, as it relates to a victim's account of how the victim began to discover the alleged fraud.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____
Martin S. Bell
Assistant United States Attorney
(212) 637-2463

cc: David Garvin, Esq. (via ECF)