UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/24/19

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| vs. | ) Case No. 18 Cr. 759 (RMB) |
| JAMES MOORE, | ) ECF |
| Defendant. | ) |

**MEMO ENDORSED**

## MOTION OF DEFENDANT, JAMES MOORE, FOR NEW TRIAL

Defendant, James Moore, hereby respectfully moves this Honorable Court, pursuant to Rule 33 of the Federal Rules of Criminal Procedure, for a new trial and as grounds therefore states:

Rule 33(a) provides that upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice requires. Rule 33(b)(2) provides that any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

Defendant Moore moves for new trial as a result of counsel for the United States, during the government's rebuttal portion of its closing argument, intentionally and improperly directing his comments to one specific juror. The specific dialog is found on pages 827 and 828 of the trial transcript:

> "Mr. Garvin suggested that you can't believe Mr. Haddow because he

"rehearsed" his testimony so many times with the government. That was a term that Mr. Haddow took issue with, and that we do as well. But he also suggested you can't believe him because his testimony was too good. That he answered questions before they were done being asked.

Ladies and gentlemen, that's because Mr. Haddow is an active listener here, just as you are. Ladies and gentlemen, you, by the time you had seen a number of e-mails, you, too, were answering questions before they were asked. I remember the one moment where Mr. Garvin had gotten confused about whether David Kennedy was a person being discussed with respect to UPG. And one of you jurors, I think it might have been you, No. 10, suggested – and correctly – it's not him, it was David Honeyman. Ladies and gentlemen, we're all jumping in here because what happened was relatively simple. It's clear in the testimony, it's clear in the documents, and it's clear that Mr. Moore is guilty." (At Page 827, Line 19 through Page 828, Line 11.)

The prosecution and the defense are generally entitled to wide latitude during closing arguments, so long as they do not misstate the evidence." *United States v. Tocco, 135 F.3d 116, 130 (2d Cir. 1998).* "Improper statements made during summation require a new trial when such statements 'cause[d] the defendant substantial prejudice by so infecting the trial with unfairness as to make the resulting conviction a denial of due process.'" *United States v. Faisal, 282 F. App'x 849, 850 (2d Cir. 2008) (quoting United States v. Shareef, 190 F.3d 71, 78 (2d Cir. 1999)); see also United States v. Edwards, 342 F.3d 168, 181 (2d Cir. 2003);*

("Improper summation statements violate a defendant's due process rights only if they cause substantial prejudice to the defendant." (citation and internal quotation marks omitted)).

It is well established that counsel for the parties should not speak directly with a juror prior to the jury rendering its verdict. *See, Varnado v. Ocean Drilling & Exploration Co., 608 F.2d 557 (5th Cir. 1979).* (Plaintiff's lawyer spoke directly to several jurors during closing arguments. The Court granted Defendant's motion for mistrial and let the case go to verdict.)

In Mr. Moore's case, counsel for the United States crossed the line during his rebuttal closing when he said: "I think it might have been you, No. 10, suggested – and correctly – it's not him, it was David Honeyman." The record does not reflect, but should, that Juror No. 10 smiled in response. This improper dialog by government's counsel also effectively precluded Mr. Moore from objecting for fear that Juror No. 10 would be personally insulted since he was the juror who had been singled out by the government. Mr. Moore should not have been placed in such a position and would not have, had counsel for the government not improperly directed his comments directly to Juror No. 10. This conduct by counsel constituted plain error. *See, United States v. Carpenter, 494 F.3d 13 (1st Cir. 2007);* wherein defendant's motion for new trial was granted and affirmed as a result of remarks made by government's counsel during closing arguments claiming that Defendant "gambled" with investors funds instead of investing them. *See also, United States v. Schneider, 157 F. Supp. 2d 1044 (N. D. Iowa 2001);* wherein defendant was entitled to a new trial as a result of a statement made by the prosecutor during the rebuttal closing argument. In *United States v. Fullbright, 1995 U.S. Dist. LEXIS 3077 (E. D. PA 1995);* the court granted defendant's

motion for new trial as a result of government's counsel arguing during closing argument the adverse effect fraudulent claims have on the worker's compensation system as a whole.

A court evaluates a Rule 33 motion from a different vantage point than it evaluates a Rule 29 motion for judgment of acquittal. *Ortiz, 40 F. Supp. 2d 1073,1082(N.D. Iowa 1999)*. Indeed, "[a] district court's power to order a new trial is greater than its power to grant a motion for acquittal." *United States v. Ruiz, 105 F.3d 1492, 1501 (1st Cir. 1997); accord United States v. Bennett, 956 F.2d 1476, 1481 (8th Cir. 1992)*.

During Mr. Moore's trial, the Court had directed the lawyers for both parties not to have lunch in the courthouse cafeteria to avoid the possibility of having anything said being overheard by any of the jurors. Precautions of this nature are warranted in view of the importance of the decision of each juror not being effected by outside influences during the trial. Unfortunately, during the rebuttal portion of the government's closing argument, counsel for the government chose to speak directly to Juror No. 10 as opposed to addressing the panel as a whole. This action constitute clear, fundamental and prejudicial error that denied Mr. Moore of a fair trial.

In *United States v. Rich, 326 F. Supp. 2d 670 (E.D. PA 2004)*; Defendant was granted a new trial because during closing argument counsel for the government argued that the evidence against the defendant in counts 1, 2 and 3 should be applied cumulatively. The conduct during the government's rebuttal closing in Mr. Moore's case is even more inappropriate.

WHEREFORE, Defendant James Moore respectfully moves this Honorable Court for new trial.

Respectfully submitted,

Dated: June 20, 2019

/s/ *David M. Garvin*
David M. Garvin
David M. Garvin, P.A.
Florida Bar #347736
200 South Biscayne Blvd.
Suite 3150
Miami, Florida 33131
Tel: 305-371-8101
Fax: 305-371-8848
Email: ontrial2@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 20, 2019 I electronically filed the foregoing Motion for New Trial with the Clerk of the Court using CM/ECF, which will send notification of such filing to all counsel of record.

/s/ *David M. Garvin*
David M. Garvin

Government to respond by 7-8-19.

SO ORDERED:
Date: 6/24/19   Richard M. Berman
Richard M. Berman, U.S.D.J.