M1i2MooS kjc

 1  UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
 2  ------------------------------x

 3  UNITED STATES OF AMERICA,              New York, N.Y.

 4              v.                         18 Cr. 759 (RMB)

 5  JAMES MOORE,

 6              Defendant.

 7  ------------------------------x        Remote Sentencing

 8                                         January 18, 2022
                                           10:00 a.m.
 9

10  Before:

11                  HON. RICHARD M. BERMAN,

12                                         District Judge

13

14                       APPEARANCES

15
    DAMIAN WILLIAMS
16       United States Attorney for the
         Southern District of New York
17  BY:  VLADISLAV VAINBERG
         Assistant United States Attorney
18

19  TARTER KRINSKY & DROGIN, LLP
         Attorney for Defendant
20  BY:  MICHAEL J. GRUDBERG

21

22  Also Present:

23  Christopher McShea, Host

24

25

M1i2MooS kjc

|      |                                                                              |
|------|------------------------------------------------------------------------------|
| 1    | THE DEPUTY CLERK:  Philadelphia may be having a                               |
| 2    | problem with all of their videos.  We should be able to get him               |
| 3    | on the phone at least to dial in, so I don't know if defense                  |
| 4    | counsel would be comfortable proceeding just by phone or if you               |
| 5    | would prefer to adjourn to another day                                        |
| 6    | THE COURT:  I will ask counsel.  It's a great                                 |
| 7    | question.  It's unfortunate, what's going on.                                 |
| 8    | THE LAW CLERK:  I'm sorry, Judge.  Would you like this                        |
| 9    | on the record now?                                                            |
| 10   | THE COURT:  Yeah, sure.                                                       |
| 11   | Counsel, what is your thinking about -- it seems                             |
| 12   | unfortunate that we can't get the video or may not be able to                 |
| 13   | get the video.                                                                |
| 14   | MR. GRUDBERG:  Thank you, Judge Berman.                                       |
| 15   | You may recall that when we were last convened, I did                         |
| 16   | suggest myself that the possibility of Mr. Moore joining by                   |
| 17   | phone, and by phone only, might be an expedient that would                    |
| 18   | advance the calendar.  I have raised that with him since, and                 |
| 19   | he did express a preference, under all of the circumstances and               |
| 20   | given the importance of the day, to be able to join by video,                 |
| 21   | as all other participants.                                                    |
| 22   | Given the choice now, if they can link him by                                |
| 23   | telephone, your Honor, I suppose, you know, there is a way of                 |
| 24   | looking at it that he might prefer to go forward today than to                |
| 25   | have that video capability.  But I did want to report to the                  |

M1i2MooS kjc

1    Court that I did bounce that idea off of him, and it was his

2    clear preference not to compromise in that way.

3           THE COURT:  Okay.  When we do get him on the line,

4    however we do get him, I will raise that question

5    preliminarily.

6           (Pause)

7           A VOICE:  Hello?

8           MR. McSHEA:  Dawn, is that you?

9           That is the Philadelphia facility.  They are on.

10          Thank you, Dawn.

11          THE CORRECTIONS OFFICER:  You're welcome.  I'm going

12   to hand the phone off to the inmate now.

13          MR. McSHEA:  Perfect.  Thank you so much.

14          THE CORRECTIONS OFFICER:  You're welcome.

15          You are going to have to scoot over here because it's

16   not going to reach.

17          THE DEFENDANT:  Hello?

18          THE COURT:  Mr. Moore?

19          THE DEFENDANT:  Yes, hello.

20          THE COURT:  Hi.  This is Judge Berman.  How are you?

21          THE DEFENDANT:  Good morning, Judge Berman.

22          It seems they are having some technical difficulties

23   here, so I suggested, rather than delay everybody again, I

24   might be able to provide myself this morning on the telephone

25   if that helps everybody.

M1i2MooS kjc

1         THE COURT:  Well, it's your call.  We had some

2   discussion before you came on, that is to say, your counsel and

3   myself.  We said that when you did come on that I would raise

4   the question with you about normally you would have -- under

5   normal circumstances, you would have the right to have a

6   sentencing live in the courthouse.  Because of the coronavirus,

7   among other things, that is not feasible at the moment.  And

8   then secondarily, we had thought to do a videoconference today,

9   and some of us are on video.  It turns out, as we understand

10  it, that the facility where you are located is unable to get

11  you on video feed, so we are left with the possibility of

12  having a telephone sentencing today.  It is really your call.

13        The options are we could postpone and see if we can

14  get a video feed at a future time or we could go forward and

15  continue the sentencing, which we started in November, today by

16  telephone.  It's entirely up to you whether you wish to waive

17  your right to be sentenced in person and/or be sentenced

18  through a videoconference call.

19        THE DEFENDANT:  Your Honor, I am sure you have been

20  very thorough in considering everything and will be thorough

21  right now moving forward, so I'm prepared to proceed on the

22  telephone rather than inconvenience everyone else further.

23        THE COURT:  Okay.  Honestly, it's not an inconvenience

24  as far as I am concerned.  But is that acceptable to you,

25  defense counsel?

M1i2MooS kjc

1          MR. GRUDBERG:  It is, your Honor, I guess with the

2     following clarifying question.  Mr. Moore and I had made

3     arrangements with Mr. McShea to have a brief consultation prior

4     to going on the record and resuming the sentencing.  Again, I

5     would defer to Mr. Moore's preferences on that.  I'm prepared

6     to proceed, but if he wishes to consult with me, I think I

7     would be able to mute this line and --

8          THE COURT:  I think, counsel, that Chelsea has a way

9     of putting you two together in a confidential virtual

10    conference if you wish.

11         MR. GRUDBERG:  If that would work with Mr. Moore's

12    telephonic joinder, I think that would be perfect; and if he

13    wishes to do that, I think I can be quick about it.

14         THE DEFENDANT:  At this point, Michael, I am prepared

15    to do that.

16         THE COURT:  At the end of that, Mr. Grudberg, if you

17    would send an e-mail to Chelsea, to chambers, to say that you

18    have finished that conversation.

19         MR. GRUDBERG:  I will.  Thank you, Judge.

20         (Pause)

21         THE DEFENDANT:  I'm here whenever you are ready,

22    Michael.

23         MR. GRUDBERG:  I think we are just waiting on the

24    tech, Jim.

25         THE DEFENDANT:  Okay.  It seems there is some kind of

M1i2MooS kjc

 1    upgrade taking place here this morning, which of course happens

 2    at the most inopportune time.

 3              MR. McSHEA:  We are having an issue with putting him

 4    into a breakout room because he dialed in by telephone now.  We

 5    are trying to figure out how to do this.  Give me one second.

 6    Sorry about this.

 7              (Pause)

 8              MR. McSHEA:  The best thing that can happen right now,

 9    Michael, can you give Mr. Moore your cell phone number and he

10    can call your cell phone number and hang up on this line for

11    the time being and then dial right back in?  That's the only

12    way we could do it by telephone at this point.

13              MR. GRUDBERG:  Christopher, would it work for me to

14    mute?  Rather than having to dial in, can I mute while we do

15    that and just go to another part of the room?

16              MR. McSHEA:  I can mute everyone else, too, and you

17    two could just privately talk.

18              MR. GRUDBERG:  I don't think that will be necessary.

19    Why don't I give you my number.  I will mute my own line, just

20    so I maintain the connection, and then I will go to another

21    part of my vast office to conduct the call, and we will be back

22    shortly.

23              MR. McSHEA:  Perfect.

24              THE DEFENDANT:  Michael, am I going to have to find a

25    way to call you now?

M1i2MooS kjc

|    |                                                                              |
|----|------------------------------------------------------------------------------|
|  1 | MR. GRUDBERG:  I think they will do that now for you.                         |
|  2 | I will provide my cell to the person who is attending where you               |
|  3 | are, Jim.                                                                     |
|  4 | Chris, can you hear me?                                                       |
|  5 | MR. McSHEA:  Yes.                                                             |
|  6 | MR. GRUDBERG:  It's 646-734-8374.                                             |
|  7 | MR. McSHEA:  Perfect.  I'm going to give Dawn a call                          |
|  8 | over in Philadelphia, and I will get right back to you guys.                  |
|  9 | MR. GRUDBERG:  Thank you.  I will stand by.                                   |
| 10 | THE DEFENDANT:  So Michael, I'm to wait for a call to                         |
| 11 | come in now, right?                                                           |
| 12 | MR. GRUDBERG:  Yes, Jim.  I think they will connect                           |
| 13 | you to my cell.                                                               |
| 14 | THE DEFENDANT:  Oh, okay, okay.  I will wait                                  |
| 15 | patiently.                                                                    |
| 16 | (Pause)                                                                       |
| 17 | THE DEFENDANT:  Michael, we are supposed to have a                            |
| 18 | brief conversation afterwards as well, aren't we?                             |
| 19 | MR. GRUDBERG:  Yes.  I have raised that with                                  |
| 20 | Mr. McShea, and I think we will be able to do that.                           |
| 21 | THE COURT:  Are you all set?  Or have you not had your                        |
| 22 | conversation?                                                                 |
| 23 | MR. GRUDBERG:  I'm sorry, Judge.  We haven't been                             |
| 24 | connected yet.                                                                |
| 25 | THE COURT:  Oh, okay.                                                         |

M1i2MooS kjc

```
 1              THE DEFENDANT:  Michael.

 2              MR. GRUDBERG:  Jim.

 3              THE DEFENDANT:  If they are struggling even to set up

 4    a telephone call for us prior, then maybe we should go with

 5    what Judge Berman suggested and just go for another date.  You

 6    are in your office, right?  You have not had to travel?

 7              MR. GRUDBERG:  I am in my office.  And just so you

 8    know, Jim, I think you are on an open line with all

 9    participants.  We can discuss this briefly, but you should

10    also, of course, feel free to make known to the Court whatever

11    your thoughts are under all of the circumstances as they

12    develop here.

13              THE DEFENDANT:  Yes.  Thank you.  Thank you.

14              MR. McSHEA:  Mr. Moore, is Dawn in the room with you

15    still?

16              THE DEFENDANT:  No, she is not.

17              MR. McSHEA:  Can you get one of the guards?  They are

18    not picking up at the facility, and I need them to dial another

19    number for me.

20              THE DEFENDANT:  One second.

21              Dawn, they want to speak with you briefly.

22              One second.  She is here.

23              MR. McSHEA:  Thank you.

24              THE CORRECTIONS OFFICER:  This is Dawn speaking.

25              MR. McSHEA:  Dawn, it's Chris.  I'm sorry.  I've been
```

M1i2MooS kjc

1    trying to call you.

2            Can you dial this number, so Mr. Moore can speak to

3    his lawyer privately, and then dial back in to this number when

4    they are done?

5            THE CORRECTIONS OFFICER:  I could try.

6            MR. McSHEA:  The number is 646 --

7            THE CORRECTIONS OFFICER:  Hold on one second.

8            MR. McSHEA:  You got it?

9            THE CORRECTIONS OFFICER:  Go ahead.

10           MR. McSHEA:  646-734-8374.

11           THE CORRECTIONS OFFICER:  Okay.

12           MR. McSHEA:  Thanks.  And then just dial back in to

13   the original number I gave you, and then we will go forward.

14           THE CORRECTIONS OFFICER:  Okay.

15           MR. McSHEA:  Thanks, Dawn.

16           THE CORRECTIONS OFFICER:  Yup.

17           (Pause)

18           MR. GRUDBERG:  Hello, everyone.  I figured this was

19   easier than e-mailing Chelsea.  I have completed my call with

20   Mr. Moore and am prepared -- actually prepared to revisit the

21   issue once he joins us again by phone, the issue being the --

22   whether and under what circumstances to go forward today.  So

23   without being coy about it, I think I ought to wait for him to

24   rejoin by phone before I say more.

25           THE COURT:  That's fine.  I think that's absolutely

M1i2MooS kjc

1    fine.

2                THE LAW CLERK:  Mr. Moore, are you back on the line?

3                THE CORRECTIONS OFFICER:  This is Ms. Netchipas

4    (phonetic) from FDC Philadelphia.

5                THE LAW CLERK:  Okay.  And you can put Mr. Moore back,

6    is that correct?

7                THE CORRECTIONS OFFICER:  Yes, ma'am.

8                THE DEFENDANT:  Hello?

9                THE COURT:  Hi.

10               THE LAW CLERK:  Mr. Moore?

11               THE DEFENDANT:  Hello.  Yes.

12               THE COURT:  This is Judge Berman.  I think counsel

13   wanted to go first when we all got back on the line.

14               THE DEFENDANT:  Okay.

15               THE COURT:  Counsel.

16               MR. GRUDBERG:  Thank you, your Honor.

17               I just wanted to tell the Court and the government and

18   the assembled others that the first topic of discussion between

19   me and Mr. Moore was to have a chance for us to go back and

20   forth with respect to the question that your Honor put, whether

21   to proceed by video or -- without video or to wait until the

22   technical difficulties could be reconciled.

23               He has expressed to me that, under all the

24   circumstances, and given the importance of the day, that he

25   would like to reschedule at a time when he could participate,

M1i2MooS kjc

1    see, and be seen.  And I did tell him that I had conveyed to

2    the Court his earlier express preference in that regard and

3    that we have -- you know, insert your punch line about how all

4    of us have been affected by the calendar as it's gone forward.

5    The important thing is to do this right.  So I did tell him

6    that I would alert the Court to that and we could explore what

7    to do in light of that going forward.

8        THE COURT:  Okay.  And Christine and Chelsea, are we

9    confident that we can get a -- from what I understand from

10    counsel's remarks and Mr. Moore's, they would like a

11    videoconference, continuance to a videoconference.  When do we

12    think that could happen?

13        THE DEPUTY CLERK:  Judge, this is Chelsea.  So, as you

14    know, we have had issues scheduling videoconferences with FDC

15    Philadelphia in the past.  Their normal video slots are

16    Tuesdays and Wednesdays at 10 a.m.  I think Adam Johnson had a

17    hand in getting us this slot today.  So if we could reach out

18    to him again, potentially that could help us get a slot on the

19    calendar, but I won't know until a week before whether we can

20    actually go forward on any particular day.

21        THE COURT:  So just so you know, if anybody doesn't,

22    Adam Johnson is counsel with the Bureau of Prisons who we often

23    turn to to get a hand in various matters, including this one,

24    getting a video hookup worked out.  So I don't know if that's

25    acceptable to counsel and Mr. Moore, but we are happy to try

M1i2MooS kjc

1   that again.

2           MR. GRUDBERG:  I think that -- I did not deal directly

3   with Mr. Johnson, but I know that Mr. Vainberg was in touch

4   with him and with counsel at the facility.  I do believe that

5   he has been helpful here.  I guess the one thing I would say,

6   Judge, is that obviously we are all ready to go and our papers

7   are sort of curling up at the edges here.  I have some points

8   on my calendar, but very few things that I couldn't move.  So

9   if Mr. Johnson were able to prevail on the facility to do

10  something extraordinary on relatively short notice, I would of

11  course flex to make myself available for whatever date, whether

12  it be a Tuesday or a Wednesday, might become available.

13          THE COURT:  Just so I understand or maybe, you know,

14  Mr. Vainberg, was there a video hookup established for today or

15  not?

16          MR. VAINBERG:  My understanding, your Honor, as

17  Ms. Talbot just explained, was that there was supposed to be a

18  video hookup.  It sounds like the facility overall is doing a

19  video upgrade that happened to be scheduled either for the same

20  day as this conference and that upgrade has not -- seems to be

21  affecting their ability to connect, but that's just what I am

22  hearing from this morning, your Honor.

23          MR. GRUDBERG:  Mr. Moore mentioned the same, Judge.

24          THE COURT:  So you understood that, too.

25          MR. GRUDBERG:  That is what I understand from

M1i2MooS kjc

1    Mr. Moore, just as he is living through it.  More than that, I

2    don't know.

3              THE COURT:  So that means we would adjourn today

4    without date, if that's acceptable to the defense, both

5    Mr. Moore and counsel, and endeavor to get another

6    videoconference date.

7              THE LAW CLERK:  Judge, this is Christine, if I may

8    interrupt for a moment?

9              THE COURT:  Yeah.

10             THE LAW CLERK:  My suggestion would be to tentatively

11   schedule for February 1., it's a Tuesday, at 10 a.m., and we

12   will reach out to Mr. Johnson again.  This will give the

13   facility some time.  It's two weeks from today, Judge.

14             THE COURT:  Yeah, I'm happy to do it.  Do we have

15   reason to believe that they will do it on that day or do we

16   think it is a place-saver, so to speak?

17             THE LAW CLERK:  I'm hopeful that we would be able to

18   do it.  Obviously we won't know until the week before, but I do

19   think that Mr. Johnson was very helpful in this regard,

20   understanding that this matter has been adjourned several times

21   by the facility not being able to accommodate us.  So I'm

22   hopeful that they will do all that they can so that we can

23   conclude the sentencing proceeding that began in November.

24             THE COURT:  Okay.  So I do want to say, and without

25   going into the part of the sentencing, I can say this, that

M1i2MooS kjc

1    these adjournments are unfortunate, and I apologize for that.

2    I don't believe that Mr. Moore is prejudiced in the sense that

3    the sentence intended to be imposed would go beyond the new

4    date, you know.  If that's just in anybody's mind, I wanted to

5    make it clear that he wouldn't be prejudiced in that respect.

6              So if that's okay with you, counsel, we will say

7    February 1.

8              MR. GRUDBERG:  I think that makes sense, your Honor,

9    yes.

10             THE COURT:  Okay.  So I think that's it for today.

11   Government counsel, did you want to add anything or are you

12   okay with the process and the procedure?

13             MR. VAINBERG:  No, your Honor.  That all makes sense,

14   and I will also contact Mr. Johnson offline, as I did prior to

15   this proceeding, just to impress upon him the need to hopefully

16   get this finally up and going.

17             THE COURT:  Okay.  Okay.  Christine and Chelsea, could

18   you call me separately after we adjourn, which is going to be

19   right now?

20             THE LAW CLERK:  Yes, Judge.

21             THE DEPUTY CLERK:  Yes, Judge.

22             THE COURT:  Thanks.  Thanks, everybody, and thank you,

23   Mr. Moore, for your patience.

24             THE DEFENDANT:  Thank you, Judge Berman, for yours

25   also.

M1i2MooS kjc

1          THE COURT:  All right.  We are adjourned for today.

2                              oOo